shall file and serve printed papers on appeal and its printed briefs on appeal and pay to respondent's attorneys ten dollars by November third, and be ready for argument on November fifteenth.

CHARLES D. CROWLEY, as Administrator, etc., Plaintiff, v. MATTHEW A. LEAHY, as Administrator, etc., Respondent, and JOHN McCAULEY, Appellant.— Appeal dismissed unless appellant shall file and serve printed papers on appeal and printed briefs and pay to respondent's attorneys ten dollars by November twenty-third and be ready for argument on December first.

WILLIAM B. MACDONALD, Respondent, v. HAMILTON B. WILLS & COMPANY, LTD., Appellant.— Motion granted to amend order entered October 5, 1921, so as to limit the time within which defendant may apply to be relieved from the preclusion order to twenty days after service of order with notice of entry.

WILLIAM F. HOLZER, Respondent, v. DODGE BROTHERS, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

WILLIAM F. HOLZER, as Administrator, etc., Respondent, v. DODGE BROTHERS, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

WILLIAM F. HOLZER, as Administrator, etc., Respondent, v. DODGE BROTHERS, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

EMMA HENRY, Respondent, v. DODGE BROTHERS, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

JAMES HENRY, Respondent, v. DODGE BROTHERS, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

SALVATORE UTTARO, as Administrator, etc., of ANTONE UTTARO, Deceased, Respondent, v. MACARTHUR BROTHERS COMPANY, Appellant.— Judgment and order reversed, with costs, and complaint dismissed, with costs, upon questions of law only, the facts having been examined and no error found therein. The particular ground of the reversal and dismissal of the complaint is the failure of the plaintiff to establish the defendant's negligence. All concur, except Hubbs and Davis, JJ., who vote for reversal upon the ground that the questions at issue were not properly submitted to the jury for determination, and for granting a new trial upon the following issues of fact: 1. Was there such use made of the lands in question owned by the city, constituting lands adjacent to a public street, and a navigable stream and open to the public, that an invitation to the public may be implied? 2. If the decedent had a right to resort thereto, by previous implied invitation of the city, and he had no actual or constructive notice that such permission or invitation had been withdrawn, was the structure erected thereon by the defendant with the city's permission, so constructed that it was attractive to children? 3. Was such structure so negligently constructed and maintained on the city property adjacent to a public street that it was a menace to the safety of young children resorting to the adjacent premises? 4. By the exercise of ordinary care, could the defendant have reasonably foreseen the liability of a child to be attracted to the